IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Outokumpu Stainless USA, LLC, § | | |
| f/k/a ThyssenKrupp Stainless USA, LLC, § | | |
| *Plaintiff* § | | |
| § | | |
| vs. § | | C.A. NO. _____ |
| § | | ADMIRALTY |
| M/V VEGALAND, her engines, tackle, boilers, § | | |
| etc., *in rem*, Nordana Line A/S, Vegaland, Ltd., § | | |
| Imperial Shipping Ltd-UK, Imperial Ship § | | FED. R. CIV. P. 9(h) |
| Management AB, Swedish Orient Line AB § | | |
| *Defendants* § | | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Outokumpu Stainless USA, LLC, f/k/a ThyssenKrupp Stainless USA, LLC, files this Original Complaint against Defendants, the M/V VEGALAND, her engines, tackle, boilers, *etc.*, *in rem*, and Nordana Line A/S, Vegaland, Ltd., Imperial Shipping Ltd-UK, Imperial Ship Management AB and Swedish Orient Line AB, *in personam*, and respectfully shows the Court as follows:

### I.
### Jurisdiction and Venue

1.  This action arises from damage and loss to maritime cargo, a maritime tort and/or breach of a maritime contract and is a maritime claim pursuant to Fed.R.Civ.P. Rule 9(h). Accordingly, the Court has original jurisdiction of these admiralty and maritime claims pursuant to 28 U.S.C. §1333(1).

2.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). Additionally, the relevant bill of lading contains a provision that designates venue in the country of delivery, rendering venue proper in the Southern District of Texas.

## II.
## Service of Process

3. At all times material, the captioned vessel has been a general cargo ship employed in the common carriage of merchandise by water for hire and is or will be, during the pendency of this action, within this district and within the jurisdiction of this Honorable Court.

4. Nordana Line A/S is a foreign business entity neither qualified nor registered to do business within the State of Texas, with its principal place of business in Rungsted Kyst, Denmark, although its United States affiliate, subsidiary or division, Nordana (USA) Inc., maintains its principal place of business at 5200 Hollister Road, Suite 200, Houston, Texas 77040.  At all times material, Nordana Line A/S chartered, managed, owned and/or operated the M/V VEGALAND as a common carrier of goods by water for hire between various ports, including the Ports of Genoa, Italy and Houston. and was engaged in business as a common carrier, consolidating various cargos destined for carriage to and discharge at the Port of Houston, arranging for their ocean carriage, issuing to shippers bills of lading for their ocean transport, and entering into charter parties, booking notes, bills of lading and/or other contracts of carriage for their carriage to the Port of Houston, each of which constitutes doing business in Texas in accordance with §17.042 of the Texas Civil Practice & Remedies Code.  On information and belief, Nordana Line A/S is a non–resident as contemplated in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code and it is has not designated or maintained an agent upon whom service may be made in the State of Texas.  Accordingly, pursuant to Sections 17.043, 17.044 and 17.045 of the Texas Civil Practice and Remedies Code, and Rule 4(h) of the Federal Rules of Civil Procedure, <u>service of process will be accomplished by substitute service by transmitting a copy of this Original Complaint by certified mail, return receipt requested, to Defendant's agent for service of process in Texas, the Texas Secretary of</u>

State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, along with **(i)** <u>a request that it waive service of the summons pursuant to Fed.R.Civ.P. Rule 4(d)(1)(A) through (G)</u>, **(ii)** <u>accompanied by two (2) copies of the attached waiver form</u>, **(iii)** <u>a prepaid means for returning the waiver</u>, and **(iv)** <u>the attached notification of the consequences of waiving and of not waiving service as prescribed in Form 5 of the Federal Rules of Civil Procedure, stating the date of the requested waiver was sent, and that it has sixty (60) days to return the waiver</u>. Process can then be made on Nordana (USA) Inc., 11 Broadway, Suite 1065, New York, New York 10004, along with proper notification of Defendant's duty to avoid the unnecessary cost of serving the summons in accordance with Rule 4(d)(2) of the Federal Rules of Civil Procedure.

5. Vegaland, Ltd. is a foreign business entity with its principal place of business in London, England. At all times material, Vegaland, Ltd. chartered, managed, owned and/or operated the M/V VEGALAND as a common carrier of goods by water for hire between various ports, including the Ports of Genoa, Italy and Houston. Although Vegaland, Ltd. is a foreign entity neither qualified nor registered to do business within the State of Texas, at all times material, it did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in and/or to be performed wholly or partly in Texas, each of which constitutes doing business in Texas pursuant to §17.042 of the Texas Civil Practice & Remedies Code. On information and belief, Vegaland, Ltd. is a non–resident as contemplated in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code and it has not designated or maintained an agent upon whom service may be made in the State of Texas. Accordingly, pursuant to Sections 17.043, 17.044 and 17.045 of the Texas Civil Practice and Remedies Code, and Rule 4(h) of the Federal Rules of Civil Procedure, <u>service of process will be</u>

accomplished by substitute service pursuant by transmitting a copy of this Original Complaint by certified mail, return receipt requested, to Defendant's agent for service of process, the Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, along with **(i)** a request that it waive service of the summons pursuant to Fed.R.Civ.P. Rule 4(d)(1)(A) through (G), **(ii)** accompanied by two (2) copies of the attached waiver form, **(iii)** a prepaid means for returning the waiver, and **(iv)** the attached notification of the consequences of waiving and of not waiving service as prescribed in Form 5 of the Federal Rules of Civil Procedure, stating the date of the requested waiver was sent, and that it has sixty (60) days to return the waiver. Process or notice can be sent to Vegaland, Ltd. at its home office located at 200 Court Road, Eltham, SE9 4EW, London, England.

6. Imperial Shipping Ltd-UK is a foreign business entity with its principal place of business in London, England. At all times material, Imperial Shipping Ltd-UK chartered, managed, owned and/or operated the M/V VEGALAND as a common carrier of goods by water for hire between various ports, including the Ports of Genoa, Italy and Houston. Although Imperial Shipping Ltd-UK is a foreign entity neither qualified nor registered to do business within the State of Texas, at all times material, it did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in and/or to be performed wholly or partly in Texas, each of which constitutes doing business in Texas pursuant to §17.042 of the Texas Civil Practice & Remedies Code. On information and belief, Imperial Shipping Ltd-UK is a non–resident as contemplated in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code and it has not designated or maintained an agent upon whom service may be made in the State of Texas. Accordingly, pursuant to Sections 17.043, 17.044 and 17.045 of the

Texas Civil Practice and Remedies Code, and Rule 4(h) of the Federal Rules of Civil Procedure, service of process will be accomplished by substitute service pursuant by transmitting a copy of this Original Complaint by certified mail, return receipt requested, to Defendant's agent for service of process, the Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, along with **(i)** a request that it waive service of the summons pursuant to Fed.R.Civ.P. Rule 4(d)(1)(A) through (G), **(ii)** accompanied by two (2) copies of the attached waiver form, **(iii)** a prepaid means for returning the waiver, and **(iv)** the attached notification of the consequences of waiving and of not waiving service as prescribed in Form 5 of the Federal Rules of Civil Procedure, stating the date of the requested waiver was sent, and that it has sixty (60) days to return the waiver. Process or notice can be sent to Imperial Shipping Ltd-UK at its home office located at 200 Court Road, Eltham, SE9 4EW, London, England.

7. Imperial Ship Management AB is a foreign business entity with its principal place of business in Gothenburg, Sweden. At all times material, Imperial Ship Management AB chartered, managed, owned and/or operated the M/V VEGALAND as a common carrier of goods by water for hire between various ports, including the Ports of Genoa, Italy and Houston. Although Imperial Ship Management AB is a foreign entity neither qualified nor registered to do business within the State of Texas, at all times material, it did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in and/or to be performed wholly or partly in Texas, each of which constitutes doing business in Texas pursuant to §17.042 of the Texas Civil Practice & Remedies Code. On information and belief, Imperial Ship Management AB is a non–resident as contemplated in Subchapter C of Chapter 17 of the Texas Civil Practice & Remedies Code and it has not designated or maintained an agent

upon whom service may be made in the State of Texas. Accordingly, pursuant to Sections 17.043, 17.044 and 17.045 of the Texas Civil Practice and Remedies Code, and Rule 4(h) of the Federal Rules of Civil Procedure, <u>service of process will be accomplished by substitute service pursuant by transmitting a copy of this Original Complaint by certified mail, return receipt requested, to Defendant's agent for service of process, the Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, along with **(i)** a request that it waive service of the summons pursuant to Fed.R.Civ.P. Rule 4(d)(1)(A) through (G), **(ii)** accompanied by two (2) copies of the attached waiver form, **(iii)** a prepaid means for returning the waiver, and **(iv)** the attached notification of the consequences of waiving and of not waiving service as prescribed in Form 5 of the Federal Rules of Civil Procedure, stating the date of the requested waiver was sent, and that it has sixty (60) days to return the waiver</u>. Process or notice can be sent to Imperial Ship Management AB at its home office located at Klippan 1A, SE-414 51, Gothenburg, Sweden.

8.  Swedish Orient Line AB is a foreign business entity with its principal place of business in Gothenburg, Sweden. At all times material, Swedish Orient Line AB chartered, managed and/or operated the M/V VEGALAND as a common carrier of goods by water for hire between various ports, including the Ports of Genoa, Italy and Houston. Although Swedish Orient Line AB is a foreign entity neither qualified nor registered to do business within the State of Texas, at all times material, it did business in Texas by carrying cargo aboard vessels to and from Texas, operating and/or managing vessels in Texas navigational waters, entering into charter parties, bills of lading and/or other contracts of carriage in and/or to be performed wholly or partly in Texas, each of which constitutes doing business in Texas pursuant to §17.042 of the Texas Civil Practice & Remedies Code. On information and belief, Swedish Orient Line AB is a non–resident as contemplated in Subchapter C of Chapter 17 of the Texas Civil Practice &

Remedies Code and it has not designated or maintained an agent upon whom service may be made in the State of Texas.  Accordingly, pursuant to Sections 17.043, 17.044 and 17.045 of the Texas Civil Practice and Remedies Code, and Rule 4(h) of the Federal Rules of Civil Procedure, <u>service of process will be accomplished by substitute service pursuant by transmitting a copy of this Original Complaint by certified mail, return receipt requested, to Defendant's agent for service of process, the Texas Secretary of State, Citations Division, P.O. Box 12079, Austin, Texas 78711-2079, along with **(i)** a request that it waive service of the summons pursuant to Fed.R.Civ.P. Rule 4(d)(1)(A) through (G), **(ii)** accompanied by two (2) copies of the attached waiver form, **(iii)** a prepaid means for returning the waiver, and **(iv)** the attached notification of the consequences of waiving and of not waiving service as prescribed in Form 5 of the Federal Rules of Civil Procedure, stating the date of the requested waiver was sent, and that it has sixty (60) days to return the waiver.</u>  Process or notice can be sent to Swedish Orient Line AB at its home office located at Klippan 1A, SE-414 51, Gothenburg, Sweden.

### III.
### Basis for Complaint and Causes of Action

9. Plaintiff is a Delaware Limited Liability Company with its principal office and place of business located in Calvert, Alabama.  At all times material, Plaintiff and/or its predecessors in interest owned cargo consisting of a stainless melt shop with parts and accessories (the "cargo") that was damaged prior to discharge in Houston, Texas, and/or brings this action for itself and/or as agent and/or trustee for all persons or entities, including any insurer(s), that are, were or become interested in the cargo.

10. On information and belief, Plaintiff's shipper tendered the cargo in good order and condition at the load port in Genoa, Italy.

AXA01-30595*Document No. 195848

7

11. On information and belief, the cargo that forms the basis of this lawsuit was improperly stowed and secured on the M/V VEGALAND causing the cargo to shift, fall over and sustain severe damage while allegedly enroute to Vera Cruz, Mexico on or about December 16 and 17, 2011.

12. The Defendants, as common carriers agreed to safely receive, handle, load, stow, secure, carry, discharge and deliver at Houston the cargo in the same good order and condition as when received, in consideration of paid freight charges, and for the issuance of a Bill of Lading consistent with the instructions of Plaintiff and, accordingly therewith, issued subsequently Bill of Lading No. NODAS132GOAHOU04 (attached hereto as **Exhibit "A"**), free of relevant exceptions or other notations for relevant loss, damage, deck stowage or carrier liability for deck stowage. However, after the incident forming the basis of this lawsuit occurred, Plaintiff learned that Bill of Lading No. NODAS132GOAHOU04 was modified without its knowledge or consent to contain additional notations specifying deck stowage for the cargo that was subsequently damaged and limiting the carrier's liability for deck stowage (see **Exhibit "B**,**"** attached hereto).

13. Defendants Nordana Line A/S, Imperial Shipping Ltd-UK, Swedish Orient Line AB, Imperial Ship Management AB and Vegaland, Ltd., owned and/or operated and/or managed the M/V VEGALAND, and were responsible for the proper stowage and securing of the cargo and had a duty to provide proper care, custody and control over the cargo during the voyage when it was damaged.

14. On or about January 16, 2012, the M/V VEGALAND arrived at the Port of Houston where the cargo was discharged in a damaged condition.

15. In consideration of charges paid or agreed to be paid, Defendants expressly and/or impliedly promised to safely to transport the cargo to the Port of Houston in the same good order

and condition as when received. However, the cargo was discharged at the Port of Houston in a damaged condition.

16. The damages and Plaintiff's losses proximately resulted in whole or in part during the course of ocean carriage from the conduct of the Defendants constituting negligence, breach of contract, breach of bailment, failure to perform services in a workmanlike manner and/or violation(s) of the duties of a common carrier of goods by water for hire and/or from the unseaworthiness of the M/V VEGALAND.

17. Plaintiff cannot more specifically allege Defendants' respective act(s) and/or omission(s) constituting negligence. Plaintiff invokes and relies upon the doctrine of *res ipsa loquitur* because the character of the loss was such that it would not have happened in the absence of negligence, and the events causing the occurrence, including without limitation, the proper issuance of Bill of Lading No. NODAS132GOAHOU04 and the proper stowage of the cargo, was exclusively within each Defendant's control.

18. Plaintiff proximately has sustained damages exceeding $566,740.80, plus interest dating from January 16, 2012, demand for which has been made upon Defendants but which they refuse to pay.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Outokumpu Stainless USA, LLC, f/k/a ThyssenKrupp Stainless USA, LLC, prays:

(i) That process in due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction issue against the M/V VEGALAND and her engines, tackle, apparel, etc.; all persons claiming an interest therein be required to appear and answer under oath, all and singular, the matters aforesaid; it have judgment for its damages,

interest, and costs; the M/V VEGALAND be condemned and sold to satisfy the damages aforesaid; and,

(ii)   That this Honorable Court adjudge that the M/V VEGALAND, in rem, and Nordana Line A/S, Vegaland, Ltd., Imperial Shipping Ltd-UK, Imperial Ship Management AB and Swedish Orient Line AB, *in personam*, are liable to Plaintiff, jointly and severally, for its damages, pre–judgment interest, post-judgment interest, court costs, including its necessary and reasonable attorney's fees, and that Plaintiff have such other and further relief, both general and special, at law and equity, to which it may be justly entitled.

Respectfully submitted,

*//s// Jeffrey R. Bale*
Jeffrey R. Bale
Attorney in Charge
Federal I.D. 3324
State Bar No. 01629800
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Telephone:   (281) 295-6000
Facsimile:    (281) 295-6010
Email:  jbale@balelawfirm.com
*Counsel for Plaintiff,*
*Outokumpu Stainless USA, LLC*
*f/k/a ThyssenKrupp Stainless USA, LLC*

OF COUNSEL:
Lewis E. Henderson
Federal I.D. No. 15230
State Bar No. 09424750
THE BALE LAW FIRM, PLLC
Kensington I, Suite 200
1600 Highway 6 South
Sugar Land, Texas 77478
Telephone:   (281) 295-6000
Facsimile:    (281) 295-6010
Email: lhenderson@balelawfirm.com
*Counsel for Plaintiff, Outokumpu Stainless USA, LLC*
*f/k/a ThyssenKrupp Stainless USA, LLC*